AO 472 Order of Detention Pending Trial

# United States District Court
## WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

V.

**NELTON JAMES SPICER**

## ORDER OF DETENTION PENDING TRIAL

Case Number:  1:06-CR-136

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

    ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq

    ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure ~~the appearance of the defendant as required and~~ the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is suffering from serious medical problems, including cancer (9 surgeries and 21 chemotherapy treatments), and a skin condition which precludes him from working in the sun and which has caused him to receive social security disability benefits. Unfortunately, this has led to a long history of alcohol abuse, resulting in the consumption of as much as one fifth of rum per day. Defendant becomes verbally abusive when he is under the influence of alcohol. Defendant also has a history of drug abuse. He has used marijuana for the past 37 years and as recently as March of this year. He has used methamphetamine for the past 27 years and currently uses it two days per week. (continued on next page)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant, and by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community. Defendant is unquestionably experiencing serious medical problems which have resulted in his disability, and probably led him, at least in part, to abuse alcohol and other drugs. Nevertheless, defendant's health concerns do not give him license to (continued on next page)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated:  June 14, 2006

_Signature of Judicial Officer_

Hugh W. Brenneman, United States Magistrate Judge
_Name and Title of Judicial Officer_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **NELTON JAMES SPICER**
1:06-CR-136
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

Defendant has a lengthy criminal record going back 30 years. In 2003 he was convicted of possessing methamphetamine. He violated the conditions of his subsequent probation by possessing more than 12 grams of ephedrine/pseudoephedrine. In 2004 he was convicted of the attempted possession of the ephedrine/pseudoephedrine and placed on probation. A month later a bench warrant was issued following his failure to report for intake. In May 2005, another bench warrant was issued for another failure to report. In November 2005, a bench warrant was issued based on the defendant's failure to report the preceding month. A fourth bench warrant was issued in January 2006 due to the defendant's abuse of alcohol. While on bond for the latter offense, defendant was arrested for operating while impaired by liquor.

Defendant is presently charged with conspiring to manufacture 50 grams or more of methamphetamine as well as distribution of the same. These offenses occurred while defendant was on probation. The evidence also indicates defendant was involved with the theft of a drug from a rural barn which resulted in 50 cows dying. There is considerable evidence connecting the defendant with the manufacture of methamphetamine, and he has admitted the same.

The defendant is 57 years old and prior to his disability had a strong work history and served with the Marines in Vietnam.

**Part II - Written Statement of Reasons for Detention** - (continued)

manufacture or use methamphetamine, a highly unstable drug which is both a danger to the community and to the defendant personally. Defendant's repeated violations of probation and his ongoing conspiracy to manufacture methamphetamine, even while he was on probation, clearly demonstrate that he would be unsupervisable if released back into the community. To the extent that he may be addicted to methamphetamine and this may not be entirely within his control, that fact does not make him any less unsafe to the community.

In the alternative, the court finds that the defendant has failed to rebut the presumption that there is no condition or combination of conditions that will assure the safety of the community, even though he has arguably rebutted the presumption that he is a flight risk due to his longevity in the community. During that same period of time in the community, however, defendant has accumulated a criminal record that demonstrates that his presence in the community is actually one of danger to the community, not the contrary.

THE MARSHAL IS DIRECTED TO ENSURE THAT DEFENDNT IS AFFORDED ALL THE MEDICAL TREATMENT REQUIRED BY HIS DOCTORS.